## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**ANTHONY EKEH,**

      **Plaintiff,**

      **v.**

**ELVIS RAMBANAPAS,** *et al.*,

      **Defendants.**

**Case No. 1:24-cv-281**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Litkovitz**

## ORDER

In her Report and Recommendation (R&R, Doc. 2, #50), Magistrate Judge Litkovitz recommends the Court deny Plaintiff Anthony Ekeh's Application/Motion to Proceed Without Prepayment of Fees (In Forma Pauperis) and Affidavit in Support Thereof (Doc. 1). Ekeh has objected (sort of), (Doc. 3-1). So the matter is now before the Court on the R&R and Ekeh's Objections. For the reasons discussed below, the Court **OVERRULES** Ekeh's Objections (Doc. 3-1), **ADOPTS** the R&R (Doc. 2), and **DENIES** Ekeh's motion for leave to proceed in forma pauperis (IFP) (Doc. 1).

Ekeh wants to sue his former employer, Elvis Rambanapas; Rambanapas' associate, Mallory Horton; and various corporate entities allegedly connected to Rambanapas, Horton, and other associates of theirs (Penske Truck Leasing Co. LP; MIT Freight Inc.; Rocker Logistics Inc.; Freight Solutions Worldwide Inc.; Sames Logistics Inc.; and Toni & Sons Transport Inc.). (Doc. 1-2, #7, 10). He began by seeking leave from the Court to proceed IFP, to which he attached his proposed Complaint. (Docs. 1, 1-2). In the sworn statement he submitted as part of that motion, though,

he represents that he earns $20,000 per month, has $450 in monthly expenses, and has cash on hand or in bank accounts in the amount of "TBD." (Doc. 1, #2–3).

Based on that information, the Magistrate Judge unsurprisingly recommended denying his motion to proceed IFP. (Doc. 2, #50 ("The Court is unable to conclude from plaintiff's affidavit that his earnings and assets are insufficient to provide himself with the necessities of life and still have sufficient funds to pay the full filing fee of $405.00 in order to institute this action.")). The R&R also recommended that the Court grant Ekeh 30 days from the date when it enters an Order adopting the R&R to pay the necessary $405 filing fee. (*Id.*). Ekeh timely objected to the R&R. Or, rather, he sent a letter to the Court stating that it was "imperative that [the Court] acquiesce to the fee waiver request" because "the court cost in this case is unaffordable" and "[t]he situation is currently creating a significant financial hardship, leaving [Ekeh] with no way to restore [his] own authority." (Doc. 3-1, #59). But, while he renewed his request to proceed without paying the filing fee, he provided no new specific information about his financial situation in that letter.

The matter is now before the Court on the R&R and Ekeh's Objections.

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection.*" Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up).

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A litigant must identify each issue in the report and recommendation to which he objects with sufficient clarity for the Court to identify it, or else the litigant forfeits the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, Ekeh is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

For any unobjected portions of an R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Applying those principles here, Ekeh's "Objections" are perilously close to the kind of general objection that does not trigger de novo review. He does not cite to any portion of the R&R that he contends was in error. He just asserts that the result should have been different. Given his pro se status, though, the Court elects to review the R&R's conclusion de novo. But that changes nothing as, after doing so, the Court reaches the same conclusion that the R&R does. Ekeh stated that he makes $20,000 per month in income and lists only $450 in monthly expenses. (Doc. 1, #2–3). As that is the entirety of the financial information that he provides, the Court sees no reason to conclude Ekeh would be unable to pay necessary living expenses after paying a one-time $405 filing fee. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). And Ekeh's "Objections" change nothing because he provides no new *financial* information in that filing. Conclusorily alleging that the filing fee is "unaffordable" does not suffice against the backdrop of his claim of a $20,000 monthly income and only $450 of monthly expenses.

The Court therefore **OVERRULES** Ekeh's Objections (Doc. 3-1) and **ADOPTS** the R&R (Doc. 2). So it **DENIES** Ekeh's Application/Motion to Proceed Without Prepayment of Fees (In Forma Pauperis) and Affidavit in Support Thereof (Doc. 1). Following the second half of the Magistrate Judge's recommendation, the Court also **ORDERS** Ekeh to pay the $405 filing fee necessary to prosecute this case within 30 days of the entry of this Order. His Complaint will not be deemed "filed" until he does

4

so. *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). And the Court expressly **WARNS** Ekeh that it may dismiss this case for failure to prosecute under Federal Rule of Civil Procedure 41(b) without further notice to him, if he does not pay the filing fee as ordered.

    **SO ORDERED.**

June 26, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

5